IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 10-cr-00612-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  **JOSHUA BODEAN SMITH**, and
2.  BIANCA SOTO,

      Defendants.

---

## ORDER DENYING DEFENDANT SMITH'S MOTION FOR SEPARATE TRIAL FROM CO-DEFENDANT

---

This matter is before the Court on Defendant Joshua Bodean Smith's Motion for

Separate Trial from Co-Defendant, filed on May 4, 2011. (Doc. # 42.) Defendant Smith

requests that the Court sever his trial from Defendant Soto's. Defendant Smith contends

that the admission of statements made by Defendant Soto during a custodial interro-

gation require severance under *Bruton v. United States*, 391 U.S. 13 (1968).[1] Although

the Court agrees with Defendant Smith that some of the statements proffered by the

Government may violate *Bruton*, the Government has indicated that it prefers such

statements be stricken rather than have the two defendants severed. (Doc. # 205 at 2.)

Thus, because the offending statements will not be admitted at trial, the Court finds that

*Bruton* does not mandate severance.

---

[1] Defendant Smith also asserted that severance was warranted under Fed. R. Crim. P. 14(a). However, the Court has already denied that aspect of his motion because Defendant Smith failed to demonstrate "a strong showing of prejudice." (Doc. # 200 at 8) (citing *United States v. Dirden*, 38 F.3d 1131, 1141 (10th Cir. 1994)).

## I. BACKGROUND

Pursuant to the Superseding Indictment, Defendant Smith is charged with

robbing a Cricket Communication store and a Burger King restaurant in violation of

18 U.S.C. § 1951(a).  He is also charged with using a firearm in connection with those

robberies in violation of 18 U.S.C. § 924(c).  Defendant Soto has been charged with

aiding and abetting Defendant Smith in the Burger King robbery, in violation of 18

U.S.C. § 2.  (Doc. # 15.)

On August 9, 2012, the Court issued an Order regarding Defendant Smith's

Motion to Sever.[2]  (Doc. # 200.)  The Court noted that out-of-court testimonial state-

ments made by Defendant Soto that implicate Defendant Smith cannot be admitted into

evidence at a joint trial unless Defendant Soto testifies.  (*Id.* at 7.)  Thus, the Court

ordered the Government "to disclose which of Defendant Soto's statements it intends

to introduce at trial so that the Court may determine whether to hold separate trials."

(*Id.* at 8.)  The Government then identified which statements it intends to offer at trial.

(Doc. # 205.)  The Government has placed the statements by Defendant Smith into two

categories, labeled as "background" statements and "substantive" statements.

The "background" statements are:

1. Defendant Soto used to live with Defendant Smith in Georgia and then when they moved to Colorado Springs.

2. Defendant Smith is Defendant Soto's boyfriend.

3. Defendant Soto's babysitter was Sierra Blanco, whose boyfriend went by the nickname "Black."

---

[2] In the August 9, 2012 Order, the Court also denied Defendant Soto's Motion for Severance of Defendants.  (Doc. # 200 at 8.)

4.    Defendant Smith and Defendant Soto were friends with Black and Sierra.

5.    Once Defendant Soto and Defendant Smith got to Colorado Springs their bills started to pile up, which added stress between them.

6.    Defendant Soto began to feel more of a financial stress in October 2009 after she got demoted in the United States Army.

(*Id.* at 2.)

The "substantive" statements are:

1.    Defendant Soto went for a drive on Fort Carson on October 11th at around 7:30 p.m.

2.    Defendant Soto parked her car near the Burger King on Fort Carson.

3.    Defendant Soto was parked across the street from the Burger King where a Godfather's Pizza used to be.

4.    Defendant Soto stated that as she drove away a Military Police vehicle almost hit her vehicle.

(*Id.* at 3.)

Defendant Smith responded to the Government's identification of Defendant Soto's testimonial statements on August 20, 2012, and the Government replied on August 23, 2012.  (Doc. ## 212, 219.)

## II. DISCUSSION

The Confrontation Clause of the Sixth Amendment provides, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI.  In *Bruton*, the Supreme Court held that the introduction of a non-testifying co-defendant's out-of-court confession that directly

implicated the defendant violated the defendant's Sixth Amendment right to cross-examine witnesses. *See* 391 U.S. at 126. Thus, *Bruton* requires that "in a joint trial a defendant must be given an opportunity to cross-examine his codefendant when the government introduces a codefendant's confession that incriminates the defendant." *United States v. Hill*, 901 F.2d 880, 883 (10th Cir. 1990). If it is not possible for the defendant to cross-examine the codefendant, "those portions of the codefendant's confession that incriminate the defendant must be barred from trial." *Id.* However, "the *Bruton* rule does not apply to 'statements that are not directly inculpatory but only inferentially incriminating.'" *United States v. Neha*, 301 F. App'x 811, 816 (10th Cir. 2008) (quoting *United States v. Nash*, 482 F.3d 1209, 1218 (10th Cir. 2007)).

With regard to the statements in the so-called "background" category, only one statement appears to be directly inculpatory. That statement is that once Defendant Soto and Defendant Smith got to Colorado Springs their bills started to pile up, which added stress between them. This statement is inculpatory towards Defendant Smith because it suggests his motivation for committing the armed robberies charged in the Indictment. Thus, introduction of this statement at a joint trial would violate the *Bruton* rule. This statement should therefore be stricken.[3]

None of the other statements in the "background" category appear to be directly inculpatory. However, in *United States v. Glass*, the Tenth Circuit held that the *Bruton* rule applied to a co-defendant's statement to police that was not directly inculpatory but revealed the familial relationship between the defendants, a relationship that was critical

---

[3] As noted, the Government has requested that the Court strike any statements that would violate the *Bruton* rule, rather than sever the case into two trials.

to making the government's case.  128 F.3d 1398, 1404-05 (10th Cir. 1997).  Here,

several of the statements in the "background" category are relevant to proving the close

relationship between Defendant Smith and Defendant Soto.  The importance of proving

this relationship to the Government's case is unclear to the Court at this juncture.  *See*

*United States v. Rahseparian*, 231 F.3d 1267, 1278 (10th Cir. 2000) (distinguishing

*Glass* on the basis that statements going to the relationship between brothers were

not "obviously important" to the government's case).  However, out of an abundance

of caution, the Court finds that the admission of proffered statements concerning the

relationship between Defendant Smith and Defendant Soto in a joint trial would violate

the *Bruton* rule, and should therefore be stricken.  Specifically, the Government cannot

introduce the statements made by Defendant Soto that she used to live with Defendant

Smith in Georgia and when they moved to Colorado Springs, or that Defendant Smith is

Defendant Soto's boyfriend.  The third, fourth, and sixth statements in the "background"

category may be introduced into evidence at a joint trial without violating the *Bruton* rule,

as they do not help prove the relationship between the two co-defendants.

With regard to statements in the so-called "substantive" category, the Court finds

that all of these statements may be admitted without violating the *Bruton* rule.  The facts

in the instant case are similar to the facts in *Richardson v. Marsh*, 481 U.S. 200 (1987).

In *Richardson*, Ms. Richardson and Mr. Williams were co-defendants in a joint trial.

Mr. Williams confessed to robbery and murder and admitted to discussing the crimes

while driving in a car prior to committing them.  Although the confession did not refer to

Ms. Richardson, evidence in trial later revealed that Ms. Richardson was in the car while

the conversation took place. *See id.* at 202-06. In the instant case, Defendant Soto

made statements that she parked her car near the Fort Carson Burger King on the night

that Defendant Smith allegedly robbed the Burger King. Although the statements made

by Defendant Soto do not refer to Defendant Smith in any way, Defendant Smith

asserts that the jury will infer that Defendant Smith was in the car when Defendant Soto

drove to the Burger King.

In *Richardson*, the Supreme Court limited the scope of *Bruton* and held that "the

Confrontation Clause is not violated by the admission of a nontestifying codefendant's

confession with a proper limiting instruction when, as here, the confession is redacted to

eliminate not only the defendant's name, but any reference to his or her existence." 481

U.S. 200, 211 (1987); *see also United States v. Verduzco-Martinez*, 186 F.3d 1208,

1215 (10th Cir. 1999) ("The fact that [co-defendant's] redacted statements may have

inferentially incriminated [the defendant] when read in context with other evidence does

not create a *Bruton* violation."). As in *Richardson*, Defendant Soto's statements do not

facially incriminate Defendant Smith. Rather, Defendant Soto's statements only relate

to **her** presence near the Burger King on the night of the robbery. Thus, in order for

these statements to be incriminating as to Defendant Smith, the statements must be

linked to other evidence. Defendant Soto's statements that she drove her vehicle to

the Burger King, without mention of Defendant Smith, simply does not lead to the

immediate inference that Defendant Smith was present in the car. Both the Supreme

Court and the Tenth Circuit have held that the admission of these types of statements

do not violate the Confrontation Clause. Thus, the statements in the "substantive"

category may be admitted with a proper limiting instruction, without running afoul of the
*Bruton* rule.

## III. **CONCLUSION**

Based on the foregoing, it is ORDERED that Defendant Smith's Motion for
Separate Trial from Co-Defendant (Doc. # 52) is DENIED.

However, the Government may not introduce the first, second, and fifth
statements identified in the "background" category (Doc. # 205 at 2) at trial.

DATED:  October 17, 2012

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge