IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-01501-CMA
Criminal Action No. 10-cr-00612-CMA

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

JOSHUA SMITH,

    Defendant-Movant.

---

## ORDER DENYING DEFENDANT'S MOTION TO VACATE
---

This matter is before the Court on Defendant Joshua Smith's Motion to Vacate pursuant to 28 U.S.C. § 2255 and *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. # 394). Because Hobbs Act robbery is a crime a violence under the force clause of 18 U.S.C. § 924(c)(3)(A), *Johnson* does not entitle Mr. Smith to relief and the Court denies the motion.

### I.     BACKGROUND

### A. MR. SMITH'S PREVIOUS CONVICTION

In 2013, Mr. Smith was convicted by a jury of two counts of Hobbs Act robbery pursuant to 18 U.S.C. § 1951(a) and two counts of discharging a firearm in furtherance of a crime of violence pursuant to § 924(c).[1] (Doc. ## 324, 393 at 1–2.) Hobbs Act robbery was the underlying "crime of violence" that formed the basis of the 924(c) counts. Section 924(c)(3) defines a crime of violence as an offense that is a felony and

---

[1] The record reflects that Mr. Smith shot two victims during his robberies.

1

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subsection (A) is commonly known as the force clause, and subsection (B) is known as the residual clause.

The Court sentenced Mr. Smith to twelve months on each Hobbs Act robbery count (to run concurrently) and 420 months for the 924(c) counts) (*Id.* at 3.)

### B. *JOHNSON* AND *WELCH*

In 2015, the Supreme Court decided Johnson, 135 S. Ct. 2551, which examined 18 U.S.C. § 924(e)(1) of the Armed Criminal Career Act (ACCA). Section 924(3)(1) mandates a 15-year minimum sentence for anyone convicted of felon-in-possession who "has three previous convictions . . . for a violent felony." The ACCA defines a violent felony as:

> any crime punishable by imprisonment for a term exceeding one year . . . if committed by an adult, that —
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§ 924(e)(2)(B) (emphasis added). Specifically at issue in *Johnson* was the constitutionality of the clause that is italicized above, which is commonly known as the residual clause. The *Johnson* Court held that the residual clause was unconstitutionally

2

vague because the application of it "denies fair notice to defendants and invites arbitrary enforcement by judges.  Increasing a defendant's sentence under the clause denies due process of law."  *Id.* at 2557.

On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016).  *Welch* held that *Johnson* announced a "substantive" change in the criminal law that applies retroactively to prisoners who received the ACCA mandatory minimum sentence based on an offense that was deemed a "violent felony" under the residual clause.  *Id.* at 1265.  Thus, via 28 U.S.C. § 2255, those prisoners could collaterally challenge their sentences as unconstitutional.

The Supreme Court has not specifically examined the constitutionally of the residual clause contained in § 924(c)(3)(B).

### C. MR. SMITH'S § 2255 MOTION

On June 20, 2016, Mr. Smith filed the instant motion, arguing that his conviction under § 924(c)(3) is unconstitutional in light of *Johnson*.  Mr. Smith contends that his conviction for Hobbs Act robbery can constitute a crime of violence only under the residual clause of § 924(c)(3)(B), which is similar to the unconstitutional residual clause of the ACCA.  He contends that any portion of his sentence that is based on that clause should therefore be vacated.

On October 18, 2016, the Government responded to the motion, contending that it is procedurally barred and meritless.  The Government argues that Mr. Smith's previous conviction for Hobbs Act robbery constitutes a crime of violence under the force clause of § 924(c)(3)(A), not the residual clause of § 924(c)(3)(B).  Therefore, his

previous conviction remains a crime of violence regardless of *Johnson* and his sentence as originally imposed should stand.

The Court turns first to consider whether Hobbs Act robbery is considered a crime of violence under the force clause of § 924(c)(3), ultimately concluding that it is.[2]

## II. ANALYSIS

### A. THE FORCE CLAUSE

The force clause defines a crime of violence as one that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). "[P]hysical force," means "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis omitted) (*Curtis Johnson*). Although *Curtis Johnson* interpreted the term "physical force" as used in the force clause of § 924(e)(2)(B)(i), the Court finds the *Curtis Johnson* statutory interpretation equally applicable to the closely-related provision at issue here, § 924(c)(3)(A). *See, e.g.*, *United States v. Armour*, 840 F.3d 904, 908–909 (7th Cir. 2016) (applying the *Curtis Johnson* "violent physical force" standard to § 924(c)(3)(A)).

### B. THE CATEGORCAL AND MODIFIED CATEGORICAL APPROACH

In determining whether a conviction "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" under § 924(c)(3)(A), the parties contend that the Court should employ a categorical approach that "looks to the words of the statute and judicial interpretations of it, rather than to the conduct of any particular defendant convicted of that crime." *Wise v. United States*, 597

---

[2] Based on this conclusion, the Court need not address the Government's procedural arguments or determine whether *Johnson* applies to render the residual clause in § 924(3)(c)(B) unconstitutional.

F.3d 1141, 1144 (10th Cir. 2010) (citation and internal quotation marks omitted). This approach mandates that courts "look only to the statutory definitions—i.e., the elements—of a defendant's prior offense[ ] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a crime of violence. *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013).

When the statute is "divisible," i.e., when it sets out elements in the alternative, merely looking at the statute in the abstract will not reveal the elements under which the defendant was convicted. *Id.* at 2281. In those circumstances, the Court applies a modified categorical approach, which looks to a "limited class of documents," including indictments and plea agreements, to ascertain which alternative elements formed the basis of the defendant's conviction. *Id.*

The modified categorical approach applies here because the Hobbs Act is a divisible statute setting out two separate crimes—Hobbs Act robbery and Hobbs Act extortion. *United States v. O'Conner*, 874 F.3d 1147, 1152 (10th Cir. 2017). Looking to the jury verdict, (Doc. # 398), it is clear that Mr. Smith was convicted of Hobbs Act robbery. Accordingly, the Court assess whether that version of the offense contains an element involving the "use, attempted use, or threatened use of physical force," § 924(c)(3)(A).

In so doing, this Court "must presume that the conviction rested upon nothing more than the least of the acts criminalized." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (citation and internal quotation marks omitted). In other words, if the most innocent conduct constituting Hobbs Act robbery does not constitute a crime of violence

5

under the force clause, § 924(c)(3)(A), the offense does not qualify as a crime of violence under the force clause. *Id.*

## C. HOBBS ACT ROBBERY

Hobbs Act robbery, § 1951(a) provides,

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

"Robbery" is then defined as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

In *United States v. Moreno*, 665 Fed. Appx. 678 (10th Cir. 2016) (unpublished), the Tenth Circuit squarely held that "robbery, as defined in [18 U.S.C.] § 1951, qualifies as a 'crime of violence' under § 924(c)(3)(A) because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *Id.* at 681. *Moreno* emphasized, "[t]he elements of [a Hobbs Act robbery charge under § 1951(a)]—particularly the definition of robbery, which requires use of actual or threatened force or violence—parallel the requirements for finding a 'crime of violence' under § 924(c)(3)(A)." *Id.*

Although *Moreno*, as an unpublished opinion from the Circuit, is not binding precedent, the Court finds it persuasive and adopts its conclusion. *See Anderson v. Spirit Aerosystems Holdings, Inc.*, 827 F.3d 1229, 1240 n.7 (10th Cir. 2016) (courts may consider unpublished decisions for their intrinsic persuasive value). Indeed, the charges in *Moreno* parallel the charges in this case. There, as here, the § 924(c) charged crimes rely on the charged § 1951(a) crimes. Moreover, the Tenth Circuit recently reiterated the holding in *Moreno* in a published decision analyzing Hobbs Act robbery with respect to the United States Sentencing Guidelines, § 4B1.2(a)(1). *O'Conner*, 874 F.3d at 1158 ("There is nothing incongruous about holding that Hobbs Act robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A), which includes force against a person *or* property, but not for purposes of U.S.S.G. § 4B1.2(a)(1), which is limited to force against a person."). The Tenth Circuit also recently held that, "violent force is required to sustain a conviction under the Hobbs Act." *United States v. Thomas*, 849 F.3d 906, 909 (10th Cir. Feb. 27, 2017).

Further, *Moreno*'s analysis fully aligns with holdings by eight other Circuits, and the growing, unbroken consensus of published decisions holds the same as *Moreno*. *See United States v. Hill*, 832 F.3d 135, 140–44 (2d Cir. 2016) (holding that "Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another'" under § 924(c)(3)(A)); *United States v. Robinson*, 844 F.3d 137, 141–144 (3d Cir. 2016) (concluding that Hobbs Act robbery committed while brandishing a firearm qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A)); *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017) (Recognizing the holdings in the Third, Eighth, Ninth and Eleventh Circuits, the Fifth

7

Circuit held, "[i]t was not error—plain or otherwise—for the district court to classify a Hobbs Act robbery as a crime of violence."); *United States v. Gooch,* 850 F.3d 285, 292 (6th Cir. 2017) (Hobbs Act robbery constitutes a crime of violence under 18 U.S.C. § 924(c)(3)(A)); *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) (Hobbs Act robbery is a crime of violence within the meaning of § 924(c)(3)(A)); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016) (concluding that Hobbs Act robbery "has 'as an element the use, attempted use, or threatened use of physical force against the person of another,' " and thus qualifies as a "crime of violence" under § 924(c)); *United States v. Howard*, 650 Fed.Appx. 466, 468 (9th Cir. 2016) (unpublished) (concluding that commission of Hobbs Act robbery by placing another in "fear of injury" qualifies as a "crime of violence" under § 924(c)(3)); *In re Saint Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016) (finding that defendant's plea to Hobbs Act robbery under § 1951(b)(1), where defendant admitted that he committed that crime "by means of actual and threatened force, violence, and fear of injury" constitutes a "crime of violence" under § 924(c)(3)(A)); *United States v. Breshers*, No. 10-40107-SAC, 2017 WL 2378349 at *3 (D. Kan. June 1, 2017) (citing cases).

Accordingly, the Court joins the majority of courts in concluding that Hobbs Act robbery "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" and is a crime of violence under the force clause of 924(c)(3)(A). Therefore, the holding in *Johnson* as applied to the residual clause in § 924(c)(3)(B) does not entitle Mr. Smith to relief.

### III. CERTIFICATE OF APPEALABILITY (COA)

The Tenth Circuit recently entered a limited remand in a case where the district court did not rule on a COA in § 2255 proceedings. *United States v. Higley*, No. 17-111 (September 29, 2017). To avoid that result in this case, the Court determines whether a COA should issue in the first instance, even though one has not yet been requested.

A COA should issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because reasonable jurists would not find the Court's assessment of Mr. Smith's constitutional claim debatable or wrong, the Court concludes that a COA should not issue in this case. *See Moreno*, 665 Fed. Appx. 678 (denying a COA on identical grounds as presented in this case).

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Smith's Motion to Vacate under 28 U.S.C. § 2255 (Doc. # 394) and DENIES a COA.

DATED: November 30, 2017          BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge